UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMASINA TARA COCHRAN )<br>)<br>Plaintiff,                                 )<br>)<br>v.                                                        )<br>)<br>JEFFERSON CAPITAL SYSTEMS, LLC )<br>)<br>Defendant.                               )<br>) | Civil Action No.:<br><br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff THOMASINA TARA COCHRAN as and for her complaint respectfully alleges as follows:

**INTRODUCTION**

1. This is an action by plaintiff, an individual consumer, seeking actual, statutory and punitive money damages against defendant, Jefferson Capital Systems, LLC., ("JCS") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

**JURISDICTION AND VENUE**

2. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

1

3. This Court has supplemental jurisdiction over Plaintiff's state claims asserted herein pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this judicial district pursuant to U.S.C. §1391(b)(2).

## PARTIES

1. Plaintiff Thomasina Tara Cochran is a natural person residing in the town of New York, County of New York and State of New York.

1. Plaintiff is a "consumer" as defined by 15 U.S.C §1681a(c) as well as by 15 U.S.C. §1692a (3).

5. Jefferson Capital Systems, LLC ("JCS") is a foreign limited liability company and debt collection agency with its principal place of business located at 200 14th Ave E, Sartell, MN 56377. Its registered agent for service of process in New York is Corporation Service Company, 80 State Street, Albany, NY, 12207 - 2543.

6. Defendant is engaged in the collection of debt from consumers using the mail, telephone and regularly attempts to collect consumers' debts alleged to be due to another.

7. JCS is a debt collector as defined in 15 U.S.C. § 1692a.

## PURPOSE OF THE FCRA

8. The FCRA was enacted by Congress to promote the accuracy and fairness of credit reporting and that:

> (1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair

credit reporting methods undermine public confidence which is essential to the continued functioning of the banking system.

(2) An elaborate mechanism has been developed for investigating and evaluating the creditworthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy." 15 U.S.C § 1681.

## PURPOSE OF THE FDCPA

9. In enacting the FDCPA, Congress found that:

   A. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasion of individual privacy.

   B. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   C. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   D. Abusive debt collection practices are carried on to a substantial extent in interstate commerce. Even where abusive debt collection practices are purely interstate in character, they nevertheless directly affect interstate commerce.

E. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors.

## GENERAL FACTUAL ALLEGATIONS

10. On or around December 2023, Plaintiff obtained a copy of her consumer credit reports and discovered incomplete and inaccurate information furnished by Jefferson Capital Systems. Account No. 371488372*** allegedly owed to Capital On Tap in the amount of $6,561.

11. On or around January 19, 2024 Plaintiff called Defendant and called various dates into question such as the date of first delinquency, date opened, date sold, date of last payment, balance and date charged-off.

12. Defendant confirmed the date opened as 07/13/2021, the date of first delinquency as 10/14/2022, the date the debt was sold as 06/22/2023, the balance as $6,561.01 and the date of last payment was questioned but Plaintiff received a response of "The account don't show last paid date", the date charged-off as 05/12/2023.

13. Plaintiff holds the Representative's name and the duration of the call was 8 minutes.

14. On or around January 2024, Plaintiff disputed the account balance and requested a thorough re-investigation to ensure the completeness and accuracy of the account using letters, Plaintiff attached identification and proof of address included with these letters.

15. On or about January 2024 Plaintiff mailed out the dispute letters USPS first class mail with certified mail services on "LetterStream" addressed to the consumer reporting agencies including Experian, Equifax and Transunion.

16. In or around January 2024 the letters were delivered to the consumer reporting agencies.

17. Upon information and belief, Defendant received all relevant disputed information from the consumer reporting agencies.

18. On or around February 9th, 2024 Experian issued the re-investigation results to Plaintiff.

19. In response to Plaintiff's dispute, Experian communicated to Plaintiff that the account was "Verified and Updated."

20. Upon reviewing the information, Plaintiff noticed that the Defendant failed to update the report as the "Date of Status" read June 2023. Defendant failed to re-investigate.

21. Defendant was aware of the date of first delinquency yet continued to report the date placed for collection as June 29, 2023. This practice is known as "re-aging" which gives Defendant a longer reporting date. See, *e.g., O'Dell v. Nat'l Recovery Agency, 291 F. Supp. 3d 687 (E.D. Pa. 2018)*

22. Defendant continues to report information that should be known to be false. This violates the FDCPA. *See 15 USC 1692e(8)*.

23. Defendant "verified and updated" the disputed information without account level documentation which is a violation of the FCRA.

24. The FCRA section 1681s-2(b) contemplates three potential ending points to a re-investigation: verification of accuracy, a determination of inaccuracy or incompleteness, or a determination that the information "cannot be verified." *See 15 USC 1681s-2(b)(1)(E)*.

25. As the FCRA does not define "*verify*" or "*investigation,*" we must look to the ordinary meaning of those terms. *See United States v. Santos*, 553 U.S. 507, 511, 128 S.Ct. 2020, 2024 (2008)) ("When a term is undefined, we give it it's ordinary meaning."); *United*

*States v. Lopez*, 590 F.3d 1238, 1248 (11th Cir. 2009) ("To ascertain ordinary meaning, courts often turn to dictionary definitions for guidance.").

26. The ordinary meaning of "verification" is: (1) "evidence that establishes or confirms the accuracy or truth of something", (2) "the process of research, examination, etc., required to prove or establish authenticity or validity"; (3) "A formal assertion of the truth of something, as by oath or affidavit", and (4) "a short confirmatory affidavit at the end of a pleading or petition." *Haddad v. Alexander, Zalmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 782-83 (6th Cir. 2014) (quoting Random House Unabridged Dictionary 2113 (2d ed.1993)*.

27. "Verify" has a similar meaning in the legal context. *See Black's Law Dictionary 1793 (*10 ed. 2014*)* ("verify vb. (14c) **1**. To prove to be true; to confirm or establish the truth or truthfulness of; to authenticate. **2**. To confirm or substantiate by oath or affidavit; to swear to the truth of."). Finally, the term "investigation" is defined as "[a] detailed inquiry or systematic examination" or "a searching inquiry." *Johnson*, 357 F.3d at 430 (quoting *Am. Heritage Dictionary* 920 (4th ed. 2000); *Webster's Third New Int'l Dictionary* 1189 (1981)).

28. A reasonable jury could find a violation of *15 USC 1681s-2(b)* where Defendant "D[id] not look beyond the information contained in the [internal data file] and never consult[ed] underlying documents such as account applications')"; *Hinkle v Midland (11th Cir 2016)*.

29. When a furnisher reports that disputed information has been verified, the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true. This is a factual question, and it will normally be reserved for trial.

30. Jefferson Capital Systems has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that have been disseminated to various persons and credit grantors, both known and unknown from at least June 2023 through the present.

31. Defendant failed to conduct a reasonable reinvestigation and continue to report the inaccurate and incomplete information.

32. Plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a lower credit score, denial of credit, stress, anxiety, headaches, and sleeplessness, as a result of Defendant conduct.

33. Plaintiff has suffered concrete harm.

34. Defendant conduct was willful and carried out in reckless disregard for a consumer's rights as set forth under section 1681s-2(b) of the FCRA.

## FIRST CLAIM FOR RELIEF

### 15 U.S.C. §1681s-2(b)(1)(A)

35. All preceding paragraphs are re-alleged.

36. Defendant has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that they failed to conduct a reasonable investigation on the collection item that is furnished to the Consumer Reporting Agencies.

37. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

38. Defendant conduct was negligent and/or willful.

39. Defendant is liable to Plaintiff for actual damages, punitive damages and costs pursuant to 15 U.S.C. §1681n and actual damages and costs pursuant to 15 U.S.C. §1681o.

## SECOND CLAIM FOR RELIEF

### 15 U.S.C. §1681s-2(b)(1)(B)

40. All preceding paragraphs are re-alleged.

41. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to consider all relevant information forwarded to them by the consumer reporting agency.

42. Defendant caused injury in fact, by causing, among other things, mental and emotional distress, damage to Plaintiff credit reputation and rating, and other injuries and damages to Plaintiff .

43. Defendant conduct was negligent and/or willful.

44. Defendant is liable to Plaintiff for actual damages, punitive damages and costs pursuant to 15 U.S.C. §1681n and actual damages and costs pursuant to 15 U.S.C. §1681o.

## THIRD CLAIM FOR RELIEF

### 15 U.S.C. §1681s-2(b)(1)(C)

45. All preceding paragraphs are re-alleged.

46. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report accurate information to the consumer reporting agencies after the dispute.

47. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff .

48. Defendant conduct was negligent and/or willful.

49. Defendant is liable to Plaintiff for actual damages, punitive damages and costs pursuant to 15 U.S.C. §1681n and actual damages and costs pursuant to 15 U.S.C. §1681o.

## FOURTH CLAIM FOR RELIEF

### 15 U.S.C. §1681s-2(b)(1)(D)

50. All preceding paragraphs are re-alleged.

51. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report accurate information to the consumer reporting agencies after a dispute including Experian and other consumer reporting agencies known and unknown.

52. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff .

53. Defendant conduct was negligent and/or willful.

54. Defendant is liable to Plaintiff for actual damages, punitive damages and costs pursuant to 15 U.S.C. §1681n and actual damages and costs pursuant to 15 U.S.C. §1681o.

## FIFTH CLAIM FOR RELIEF

### 15 U.S.C. §1681s-2(b)(1)(E)

55. All preceding paragraphs are re-alleged..

56. Defendant has violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to have a procedure to modify the information in their system and report substantial disputed information with consumer reporting agencies through the efforts of collecting or referring to account-level documentation.

57. This subsection states that "if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

    (i) modify that item of information;

    (ii) delete that item of information; or

    (iii) permanently block the reporting of that item of information."

58. Defendant failed to delete the items of information which were incomplete, inaccurate and could not be verified.

59. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff .

60. Defendant conduct was negligent and/or willful.

61. Defendant is liable to Plaintiff for actual damages, punitive damages and costs pursuant to 15 U.S.C. §1681n and actual damages and costs pursuant to 15 U.S.C. §1681o.

9

## SIXTH CLAIM FOR RELIEF

## 15 U.S.C. §1692e(8) & 15 U.S.C. §1692e(2)

62. All preceding paragraphs are re-alleged.

63. Defendant violated 15 U.S.C § 1692e(8) and 15 U.S.C. §1692e(2) of the FDCPA by reporting false credit information to the consumer reporting agencies.

64. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

**WHEREFORE,** Plaintiff hereby demands a jury trial and respectfully moves this honorable court to enter judgment in favor of Plaintiff against Defendant for:

65. Violations occurred for violating the FCRA and FDCPA;

66. Actual damages pursuant to 15 U.S.C § 1692k(1)(2);

67. Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

68. Statutory damages pursuant to 15 U.S.C § 1692k(2);

69. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: /s/ [Thomasina Tara Cochran]
55 E 102ND ST, 8E
New York, NY 10029
(332) 220-6940
Businesswtommy@gmail.com