UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THOMASINA TARA COCHRAN,

                      Plaintiff,

-against-

JEFFERSON CAPITAL SYSTEMS, LLC,

                      Defendant.

1:24-CV-1435 (VSB)

ORDER OF SERVICE

---

VERNON S. BRODERICK, United States District Judge:

    Plaintiff Thomasina Tara Cochran, of New York, New York, appears *pro se* and invokes the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. She sues Jefferson Capital Systems, LLC ("JCS"), of Sartell, Minnesota, seeking damages.

    By order dated February 26, 2024, the court granted Plaintiff's application to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court directs service of process on JCS via its alleged registered agent for service of process, Corporation Service Company, of Albany, New York.

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint on JCS until the Court reviewed the complaint and ordered that a summons for JCS be issued. The Court therefore extends the time to serve JCS until 90 days after the date that a summons for JCS is issued.

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on JCS via its alleged registered agent for service of process, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for service of process on JCS via that agent. The Clerk of Court is further instructed to issue a summons for JCS and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon JCS via its alleged registered agent for service of process.

If the complaint is not served on JCS, via that agent, within 90 days after the date a summons for JCS is issued, Plaintiffs should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if they fail to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to issue a summons for Defendant Jefferson Capital Systems, LLC; complete a USM-285 form with the service address for that defendant's alleged registered agent for service of process, Corporation Service Company, 80 State Street,

Albany, New York 12207-2543; and deliver all documents necessary to effect service on that defendant, via its alleged registered agent, to the U.S. Marshals Service.

SO ORDERED.

Dated: March 20, 2024
       New York, New York

                                          VERNON S. BRODERICK
                                          United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

Jefferson Capital Systems, LLC
c/o Corporation Service Company
80 State Street
Albany, New York 12207-2543